UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM TOCCO, SAM TOCCO
REVOCABLE TRUST

      Plaintiffs,                       CIVIL ACTION NO. 05-CV-70013-DT

  VS.                                      DISTRICT JUDGE PAUL D. BORMAN

SAM ANTHONY TOCCO,                 MAGISTRATE JUDGE MONA K. MAJZOUB
KNOLLWOOD PARK CEMETARY
ASSOCIATION, JOHN GONWAY,
HYMAN LIPPITT, P.C., and JOSEPH
ZADA,

      Defendants
_____/

## REPORT AND RECOMMENDATION DENYING DEFENDANTS' MOTION TO DISMISS

Before the Court is the Motion to Dismiss filed by Defendant Joseph P. Zada on December 13, 2005, and referred to the undersigned for hearing and recommendation on February 15, 2006 by the honorable Paul D. Borman. Plaintiffs filed their response on January 4, 2006. The Court has dispensed with oral argument pursuant to E.D. Mich. L.R. 7.1(e).

On February 9, 2005, Plaintiffs Sam Tocco ("Grandfather") and the Trustee of the Sam Tocco Revocable Trust (the "Trust") filed their Second Amended Complaint against Sam Anthony Tocco ("Grandson") and Knollwood Memorial Park Cemetery Association ("Knollwood Park") asserting causes of action for breach of contract, fraud in the inducement, and negligent misrepresentation.

On October 20, 2005 Plaintiffs filed their Third Amended Complaint, adding Defendants John Gonway, Hyman Lippitt, P.C., and Joseph Zada, and asserting causes of action for breach of

contract, reformation of contract, fraud in the inducement, fraud, negligent misrepresentation, undue influence, breach of fiduciary duty, and fraudulent conveyance.

Defendants argue that counts IX (breach of fiduciary duty) and X (fraudulent transfer) of Plaintiffs' Third Amended Complaint should be dismissed because they do not state a claim on which relief can be granted.

**Standard of Review**

A party is entitled to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. A motion to dismiss may be granted under Fed.R.Civ.P. 12(b)(6), "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In reviewing the motion, courts "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir.2001).

**Breach of Fiduciary Duty**

Defendants argue that Plaintiffs' breach of fiduciary duty claim is a shareholder derivative claim, and that Plaintiffs cannot state a cause of action because they are not corporate shareholders. Plaintiffs claim to have a valid security interest in some of the assets of Defendant Knollwood Park. They allege that Knollwood Park and Defendant Zada had a fiduciary duty not to transfer the Knollwood Park assets in which Plaintiffs were secured, but that Defendants nonetheless did so. Defendants argue that this is essentially a claim for dimunition of corporate assets, and that diminution claims are generally shareholder derivative claims. Defendants note that Plaintiffs are

not shareholders of Defendant Knollwood Park, and would be barred from maintaining a shareholder derivative action under M.C.L. § 450.1492a.

Defendants' argument is unavailing. Claims for the diminution of corporate assets are only shareholder derivative claims when the plaintiff alleges that a defendant's fiduciary duty not to diminish a corporation's assets arises out of that plaintiff's ownership of shares in the corporation. Here, Plaintiffs are creditors of the Defendant Knollwood, and allege that Defendants fiduciary duty arises out of Plaintiffs' secured interests in assets other than corporate stock. M.C.L. § 450.1492a therefore does not bar Plaintiffs' breach of fiduciary duty cause of action. Similarly, because Plaintiffs' fiduciary duty cause of action is not a shareholder derivative action, Plaintiffs were not required by M.C.L. § 450.1493a to make a demand upon Knollwood Park prior to instituting this suit. Defendants' Motion to Dismiss should therefore be **DENIED** with respect to Count IX of Plaintiffs' Third Amended Complaint.

**Fraudulent Conveyance**

Defendants also argue that Count X of Plaintiffs' Complaint ("Fraudulent Conveyance") must be dismissed for failure to state a claim upon which relief can be granted. Defendants claim that, although Count X does not clearly specifically rely on any particular provision of Michigan Law, it is based upon the Michigan Fraudulent Transfer Act, M.C.L. § 566.31 *et seq*. Defendants argue that the transfers are not within the scope of the Michigan Fraudulent Transfer Act because they are "distributions" within the meaning of the Michigan Business Corporation Act.

The Michigan Fraudulent Transfer Act does not apply to those "distributions" governed by the Michigan Business Corporation Act. M.C.L. § 450.1122(3). The Michigan Business Corporation Act defines a "distribution" as:

3

> a direct or indirect transfer of money or other property, except the corporation's shares, or the incurrence of indebtedness by the corporation to or for the benefit of its shareholders in respect to the corporation's shares. A distribution may be in the form of a dividend, a purchase, redemption or other acquisition of shares, an issuance of indebtedness, or any other declaration or payment to or for the benefit of the shareholders.
>
> M.C.L. § 450.1106

Plaintiffs allege that the loans to Mr. Zada, a corporate officer of Defendant Knollwood Park, were not made for the benefit of the shareholders, but to prevent Plaintiffs from acquiring assets of Defendant Knollwood Park to which Plaintiffs are legally entitled. Plaintiffs argue that Defendants' intent in making the loans to Mr. Zada renders those loans impermissible under both the Michigan Business Corporation Act and the Michigan Fraudulent Transfer Act. Michigan Business Corporation Act section 548, governs loans and assistance to corporate directors, officers, and employees and allows a corporation to make a loan to a corporate insider when the loan "may be reasonably expected to benefit the corporation, or is pursuant to a plan authorizing loans." M.C.L. §450.1548. Taking the allegations in Plaintiffs complaint in the light most favorable to Plaintiffs, Defendants loans to Mr. Zada may have been either fraudulent or made with an impermissible corporate purpose, and may therefore have violated either the Michigan Business Corporation Act or the Michigan Fraudulent Transfer Act. Count X of Plaintiffs' Third Amended Complaint gives fair notice to Defendants of Plaintiffs claims under both statutes. Defendants' Motion to Dismiss Count X should therefore be **DENIED**.

**NOTICE TO PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in

28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Sec'y of Health and Human Servs., 932 F.2d 505 (6th Cir. 1991); United States v. Walters, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. Willis v. Secretary, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: April 19, 2006         s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

### Proof of Service

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: April 19, 2006         s/ Lisa C. Bartlett
                              Courtroom Deputy