**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**SAM TOCCO, SAM TOCCO**
**REVOCABLE TRUST**

        **Plaintiffs,**                  **CIVIL ACTION NO. 05-CV-70013-DT**

  **VS.**                                  **DISTRICT JUDGE PAUL D. BORMAN**

**SAM ANTHONY TOCCO,**         **MAGISTRATE JUDGE MONA K. MAJZOUB**
**KNOLLWOOD PARK CEMETARY**
**ASSOCIATION, JOHN GONWAY,**
**HYMAN LIPPITT, P.C., and JOSEPH**
**ZADA,**

        **Defendants**
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'**
**MOTION TO COMPEL DEPOSITION TESTIMONY OF JOSEPH P. ZADA AND TO**
**ASSESS COSTS AND ATTORNEY FEES**

Before the Court is Plaintiffs' Motion to Compel Deposition Testimony of Joseph P. Zada and to Assess Costs and Attorney Fees, filed February 6, 2006, and referred to the undersigned for hearing and recommendation on February 8, 2006 by the Honorable Paul D. Borman. Plaintiffs filed their response on March 10, 2006. The Court entertained oral argument on the motion on March 20, 2006.

On January 5, 2006 Plaintiffs noticed the deposition of Defendant Zada, to take place on January 12, 2006 in the Theodore Levin United States Courthouse in Detroit, Michigan. Defendant Zada resisted the deposition notice, arguing that he was not subject to deposition in Michigan because he was a Florida resident. Rather than file a motion to compel, Plaintiffs agreed to take Defendant Zada's deposition in Florida.

While Plaintiffs' attorney was able to question Defendant Zada in Florida, Defendant Zada refused to answer a variety of questions concerning his bank accounts, and the timing, amount, and purpose of various payments and loans made to him by Defendants Sam Anthony Tocco and the Knollwood Memorial Park Cemetery Association. Plaintiffs seek an order compelling another Deposition of Defendant Zada and assessing costs and attorney fees for the Florida deposition.

Defendants argue that Plaintiffs' questions seek irrelevant information.

**GENERAL DISCOVERY STANDARDS**

The Federal Rules of Civil Procedure provide for broad, liberal discovery of any information which may be relevant to a suit. The discovery rules, like all of the Rules of Civil Procedure, must "be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1; *accord North River Ins. Co. v. Greater N.Y. Mut. Ins. Co.*, 872 F. Supp. 1411, 1412 (E.D. Pa. 1995) (courts should apply discovery rules in accordance with "the important but often neglected Rule 1 of the Federal Rules of Civil Procedure[.]"). Under FED. R. CIV. P. 26(b)(1), discovery may be had "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . if the information sought appears reasonably calculated to the discovery of admissible evidence." The determination of "relevance" is within the court's sound discretion. *See, e.g.*, *Watson v. Lowcountry Red Cross*, 974 F.2d 482 (4th Cir. 1992); *Todd v. Merrell Dow Pharm.*, 942 F.2d 1173 (7th Cir. 1991); *McGowan v. General Dynamics Corp.*, 794 F.2d 361 (8th Cir. 1986). In applying the discovery rules, "relevance" should be broadly and liberally construed. *Herbert v. Lando*, 441 U.S. 153 (1979); *Hickman v. Taylor*, 329 U.S. 495 (1947); *Coughlin v. Lee*, 946 F.2d 1152 (5th Cir. 1991). "The requirement of relevancy should be construed liberally and with common sense, rather than in terms of narrow legalisms." *Miller v.*

*Pancucci*, 141 F.R.D. 292, 294 (C.D. Cal. 1992). Additionally, "[i]n ruling on a discovery motion, a court will not determine whether the theory of the complaint is sound, or whether, if proven, would support the relief requested." 4 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE ¶ 26.07[1] (2d ed. 1995); *see also*, *Garland v. Torre*, 259 F.2d 545 (2d Cir. 1958).

Plaintiffs' attorney's questions concerning the size, timing, amount, and purpose of payments and loans between Defendants seek relevant information. Plaintiffs' complaint alleges, in part, that Defendants have defrauded Plaintiffs by colluding to hide or dissipate assets to which Plaintiffs are entitled or in which Plaintiffs are secured. Plaintiffs' questions about Defendant Zada's personal financial accounts, and about money traveling between the various Defendants in this case are reasonably likely to lead to the discovery of admissible evidence concerning Defendants' alleged scheme.

Defendants also argue that Defendant Zada should not be deposed because Defendants have filed two motions to dismiss this case. Defendants' argument fails for three reasons. First, Defendants have not obtained a stay of discovery pending the resolution of the motions. Second, Defendant Zada will remain a party to this case because neither motion to dismiss is likely to succeed.[1] Third, as a person with non-privileged information relevant to this case, Defendant Zada is subject to deposition regardless of whether he is a party to the litigation.

For the reasons stated above, Plaintiffs' Motion to Compel Deposition of Joseph Zada is **GRANTED**. Defendant Zada will submit to deposition on **May 17, 2006**. Consistent with the prior

---

[1] *See* Report and Recommendation, April 19, 2006; Report and Recommendation, April 21, 2006.

3

orders of this Court, Defendant Zada's deposition shall take place in the Theodore Levin U.S. Courthouse in Detroit Michigan.

Plaintiffs also seek to recover the costs of deposing Defendant Zada in Florida and bringing the instant motion. Given Defendant Zada's refusal to answer questions pertaining to non-privileged information relevant to this suit at his Florida deposition, Fed. R. Civ. P. 37(d) authorizes this Court to make "such orders as are just" in sanctioning Defendant. Plaintiffs contend that this Court should reimburse it for the cost of bringing this motion and taking the Florida deposition. However, it is clear from the record at oral argument that while Plaintiffs were entitled to insist on deposing Defendant Zada in Michigan, they voluntarily incurred the cost of deposing Defendant Zada in Florida. Thus, while Defendant Zada's misconduct is responsible for the cost of the instant motion and a second deposition, it is not the cause of taking a deposition in a remote state. Therefore, the Court will order Defendant Zada to bear Plaintiffs' reasonable and necessary costs in connection with this motion and the Defendant Zada's forthcoming Michigan deposition. Plaintiff may submit a bill of costs stating the total amount expended in connection with the instant motion and the Michigan deposition of Defendant Zada.

**IT IS SO ORDERED**.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: April 27, 2006    s/ Mona K. Majzoub
                         MONA K. MAJZOUB
                         UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

      I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: April 27, 2006                          s/ Lisa C. Bartlett
                                                     Courtroom Deputy