UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM TOCCO, SAM TOCCO
REVOCABLE TRUST

        Plaintiffs,                            CIVIL ACTION NO.  05-CV-70013-DT

  VS.                                           DISTRICT JUDGE PAUL D. BORMAN

SAM ANTHONY TOCCO,                MAGISTRATE JUDGE MONA K. MAJZOUB
KNOLLWOOD PARK CEMETARY
ASSOCIATION, JOHN GONWAY,
HYMAN LIPPITT, P.C., and JOSEPH
ZADA,

        Defendants
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR SANCTIONS**

Before the Court is Plaintiffs' Motion for Sanctions, filed May 24, 2006.  Defendants' response to the Motion was due on or before June 20, 2006.

On January 5, 2006 Plaintiffs noticed the deposition of Defendant Zada, to take place on January 12, 2006 in the Theodore Levin United States Courthouse in Detroit, Michigan.  Defendant Zada resisted the deposition notice, arguing that he was not subject to deposition in Michigan because he was a Florida resident.  Rather than file a motion to compel, Plaintiffs agreed to take Zada's deposition in Florida.

During the Florida deposition, Defendant Zada refused to answer questions concerning his bank accounts and the timing, amount, and purpose of payments and loans to him from Defendants Sam Anthony Tocco and the Knollwood Memorial Park Cemetery Association.

Plaintiff filed a Motion to Compel Deposition on February 6, 2006.  Following briefing on the Motion, the Court entertained oral argument on March 20, 2006.  During oral argument, defense

counsel noted that he had no objection to producing Defendant Zada's banking records. On April 28, 2006 the Court ordered that Defendant Zada's deposition be continued at 9:00 am on May 12, 2006 in the Theodore Levin U.S. Courthouse in Detroit, Michigan. Defense counsel for Defendant Zada did not appear for deposition on that date. Zada claims to have been unable to attend the deposition due to a brief hospitalization. On May 17, 2006 Judge Borman issued an Order adopting the April 28, 2006 Order in its entirety. On June 8, 2006 the Court again ordered Zada to appear for deposition in Detroit, this time on Wednesday June 14, 2006 at 9:00 am. Defendant Zada failed to appear. Instead, on June 14, 2006, he filed an objection to the June 8, 2006 Order, arguing that the deposition was stayed by virtue of a Court Order extending all "briefing/motion deadlines" or, in the alternative, that it was reasonable for Defendant Zada to disregard the Order because settlement talks between the parties were close to fruition and Defendant Zada was about to produce a "settlement letter." It is now August, the case has not been resolved, Defendant Zada's deposition has not continued, and no banking records have been produced.

Plaintiff is now before the Court seeking sanctions for Defendants' discovery abuse. Pursuant to Federal Rule of Civil Procedure 37, the Court has broad discretion to make such orders as are just to redress discovery abuse. While both parties indicated some hope of settling this case in June, the alleged prospect of settlement is an insufficient reason to delay giving force to the Orders of this Court. The Court declines for the moment Plaintiff's invitation to assess sanctions, to award costs and fees, to find Defendants and their attorney in contempt of Court, and to enter a default against Defendants.

However, the Court once again orders the Deposition of Defendant Zada. His deposition will continue at 9:00 a.m. EDT in the Theodore Levin U.S. Courthouse on August 25, 2006. On March,

20, 2006 defense counsel indicated that he had no objection to producing Defendant Zada's banking records and cancelled checks to allow Plaintiff to trace funds entering and leaving Zada's accounts. Defendant will produce these records to Plaintiff on or before August 23, 2006. Absent further written notice from the Court, any failure by Defendant Zada to appear for the scheduled deposition or to produce the above specified records on or before August 23 will result in this Court holding Defendant Zada in contempt of court automatically and without the necessity for any further hearing.

**IT IS SO ORDERED**.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: August 09, 2006         s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE


**Proof of Service**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: August 09, 2006         s/ Lisa C. Bartlett
                               Courtroom Deputy